[No. 21621. Department One. August 20, 1929.]

THE STATE OF WASHINGTON, *on the Relation of* AGNES MOE *et al., Appellants,* v. HOMER R. JONES, *as Treasurer, et al., Respondents.*[1]

*Chas. L. Harris,* for appellants.

*Herr, Bayley, Croson & Innis,* for respondents.

FULLERTON, J.—This is an appeal from the judgment of the superior court of Kitsap county denying an application for a writ of mandamus.

The facts are stipulated. The respondent, Lillian Hensel, is the owner of certain real property situated in the county of Kitsap, her title to the property being a matter of record. She suffered the general taxes levied thereon for the year 1921 by Kitsap county to become delinquent, and, after the expiration of five years from the date of the delinquency, the county treasurer of the county, acting pursuant to the requirements of the statute, issued to the county a certificate of delinquency for such taxes. The certificate was foreclosed by the county in a general tax foreclosure

[1]Reported in 279 Pac. 741.

proceeding instituted by the county in 1927, and the real property was sold, in compliance with the decree entered therein. At the sale the appellants, Moe, became the purchasers of the property, paying therefor to the county treasurer the amount found to be due by the decree of foreclosure for the taxes of 1921, with the subsequently accrued interest and the cost of foreclosure. By the terms of another section of the statute, the purchasers were required to pay, as a condition precedent to the issuance of a deed to them for the property, the taxes levied on the land subsequent to the year 1921, with the statutory interest. This sum they also paid, making a total sum paid to the treasurer of $223.73.

On November 7, 1927, two days after the date of the sale, but before a deed was issued to the purchasers of the property, the respondents applied to the treasurer for leave to redeem the property from the foreclosure sale. They tendered to the treasurer the amount for which the land had been sold, with the costs of the sale, and the taxes levied on the land in the year 1922, with interest, making no tender of the subsequently accrued taxes paid by the appellants. The amount paid totaled $160.52. The treasurer allowed the redemption, tendering back to the appellants the money they had paid in on account of the purchase price, namely $223.73. The appellants refused to accept a return of the money, and instituted in the superior court the proceedings from which this appeal is prosecuted, to compel the treasurer to issue to them a deed to the property.

The sole complaint of the appellants is that the sum paid by the redemptioners to the county treasurer to effect a redemption of the property was insufficient in amount. They contend that the redemptioners should not only have paid the amount for

which the property was sold under the judgment, but should have paid the subsequently accrued taxes which they were required to pay in order to be entitled to a deed.

The appellants have made an ingenious argument in support of their contention, and it must be confessed that it does seem somewhat incongruous to permit an owner to redeem by paying a less sum to the treasurer than the purchaser at the sale is required to advance. But the statute relating to the redemption of property sold under a tax foreclosure proceeding, it seems to us, hardly admits of any other construction. It is found in the Laws of 1925, Ex. Ses., p. 305, § 119; Rem. 1927 Sup., § 11097-119, and plainly states that the property may be redeemed by paying

". . . the amount for which the same was sold, together with interest. . . . from date of issuance of said certificate of delinquency until paid."

The decree of foreclosure did not include any of the taxes levied subsequent to the year 1921, and it was for the amount stated in the decree that the land was sold. As the redemptioners paid that sum with interest, we cannot conclude that there was error in allowing them to redeem.

The judgment of the trial court is affirmed.

MITCHELL, C. J., HOLCOMB, TOLMAN, and BEALS, JJ., concur.